GRAND TRUNK WESTERN RAILWAY COMPANY *v.* RAILROAD COMMISSION OF INDIANA ET AL.

[No. 20,769.   Filed October 25, 1906.]

1. APPEAL AND ERROR.—*Railroads.*—*Interlocking Devices.*—*Statutes.*—An appeal from a decision in a suit to revise and review the action of the railroad commission, brought under the act of 1905 (Acts 1905, p. 83, §6, §5405f Burns 1905), if such a suit can be maintained, lies to the Appellate Court and not to the Supreme Court.   p. 262.

2. SAME.—*Transfer.*—*Jurisdiction.*—Where an appeal is taken to the Supreme Court and jurisdiction is in the Appellate Court, such appeal will be transferred to the Appellate Court.   p. 262.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Suit by the Grand Trunk Western Railway Company against the Railroad Commission of Indiana, and others. From a decree for defendants, plaintiff appeals. *Transferred to Appellate Court.*

*Anderson, Parker & Crabill,* for appellant.

*E. C. Field, J. B. Peterson, H. R. Kurrie* and *C. V. McAdams,* for appellees.

MONKS, J.—The Chicago, Indianapolis & Louisville Railway Company, known as the "Monon," filed with the railroad commission of this State a petition against appellant and another railroad company under the act of 1897 (Acts 1897, p. 237, §§5158a-5158h Burns 1901), to compel the construction, operation, and maintenance of an in-

terlocking device at points in Lake county, Indiana, where said railroads cross the track of the Monon. The railroad commission granted the prayer of said petition and apportioned among the parties the cost of installing, maintaining, and operating said interlocking switch.

This suit was brought by appellant in the court below to review and revise said action of the railroad commission, and purports to be brought under the provisions of section six of the railroad commission act (Acts 1905, p. 83, §5405f Burns 1905). Final judgment on demurrer to the amended complaint was rendered against appellant. Said section six expressly provides that appeals from judgments of the circuit or superior courts, rendered in proceedings under said section six, shall be to the Appellate Court. In ordering this transfer, we do not decide that an action can or cannot be brought under said section six to review and revise the action of the railroad commission in proceedings under the interlocking switch act (Acts 1897, *supra*), as that is a question for the determination of the Appellate Court. This appeal is therefore transferred to the Appellate Court.